UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LEON WOMACK**, | ) | Case No. 3:06 CV 157 |
| | ) | |
| Petitioner, | ) | Judge Dan A. Polster |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **KHELLEH KONTEH**, | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Petitioner Leon Womack is a prisoner in state custody who pursuant to 28 U.S.C. §2254 is seeking habeas corpus relief *pro se* from his March 26, 2003 conviction for the crime of murder in violation of Ohio Revised Code §2903.02(A) following Womack's counseled guilty plea. He was sentenced to a term of fifteen years to life. [1]

Womack failed to take a timely appeal from his conviction but he was granted leave to file a delayed appeal (Respondent's Ex. 11). On May 27, 2005 the state appellate court affirmed Womack's conviction. See *State v. Womack*, 2005 WL 1283687, 2005 - Ohio - 2689 (Ohio App. 6th Dist.). He again missed the deadline for filing an appeal and on July 28, 2005 he filed a *pro se* motion for leave to file a delayed appeal to Ohio Supreme Court (Respondent's Ex. 16). The motion

---

[1] Womack presents two grounds for relief in his habeas corpus petition as follows:

**Ground One**: Ineffective assistance of counsel by the failure of trial counsel to adequately investigate defendant's mental incompetence.

**Ground Two**: Ineffective assistance of counsel by the failure of trial counsel to develop an insanity defense.

3:06 CV 0157                                                          2

for leave to file delayed appeal was denied.  *Womack*, 106 Ohio St.3d 1530, 835 N.E.2d 380, 2005 - Ohio - 1546 (Table 2005).

In the meantime, Womack had also filed a motion for reduction of stated prison term seeking release under community control.  This motion was denied by the trial court on December 30, 2004, no appeal was taken, and this proceeding is inconsequential to the resolution of Womack's §2254 application (Respondent's Ex. 18, 19).

Womack cannot deny that he missed the deadline for a timely appeal.  Under the state procedural mechanism, the Ohio Supreme Court has jurisdiction over timely appeals which are exercised within 45 days of entry of the state appellate court's decision.  See Ohio S.Ct.R. II §2(A)(1).  The Ohio Supreme Court may, however, in its discretion take jurisdiction over untimely felony appeals upon motion for leave to file a delayed appeal pursuant to S.Ct.R. II §2(A)(4)(a). In Womack's situation the Ohio Supreme Court exercised its discretion to refuse his untimely appeal.  The Sixth Circuit in a reaffirmation of *Simpson v. Sparkman*, 94 F.3d 199 (6th Cir. 1996), held in *Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004), that the unexplained state court decision denying leave to file an untimely appeal to the Ohio Supreme Court is assumed to enforce any applicable procedural bar. *Id.*, 370 F.3d at 497.  Denial of an Ohio S.Ct. Prac. R. II §2(A)(4)(a) motion for leave to file delayed appeal is not a ruling on any claim included with the motion for leave.  See *Bonilla*, 370 F.3d at 497; *Smith v. State of Ohio Dept. of Rehab and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006).  Consequently, an untimely appeal to the Ohio Supreme Court is a procedural ruling, which is both actually enforced and is an adequate and independent

3:06 CV 0157                                                3

state ground on which the state can foreclose federal habeas review consistent with *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). See *Smith v. State of Ohio, Dept. of Rehabilitation and Correction*, 463 F.3d 426, 431-32 (6th Cir. 2006); and see *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).  "When a 'state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman* at 750; *Bonilla* at 497.

A demonstration of "cause" and "prejudice" may excuse the default from a failure to present a constitutional claim to the state's highest court, or alternatively a fundamental miscarriage of justice resulting in the conviction of one who is actually innocent. See *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 102 S.Ct. 1587, 1590-92, 146 L.Ed.2d 518 (2000); *House v. Bell*, -U.S.-, 126 S.Ct. 2064, 2076, 165 L.Ed.1 (2006); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1971).  "Cause" is some "objective facts external to the defense" which impeded petitioner's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 492, 106 S.Ct. 2635, 2645-48, 91 L.Ed.2d 397 (1986).  "Prejudice" must be "actual prejudice" as a result of the alleged violation of federal law. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 2546 (1991); *Bousley v. U.S.*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); *Murray* v. *Carrier*, 477 U.S. at 489, 106 S.Ct. at 2646. Cause and prejudice are in the conjunctive and the failure to show cause terminates this analysis. See *Murray*, 477 U.S. at 497.

3:06 CV 0157                                              4

Womack in neither his traverse nor his petition expressly addresses the issues of cause and prejudice or actual innocence. However, gleaning the record uncovers two, unfortunately invalid reasons. The first is Womack's lack of representation in his effort to obtain leave to appeal to Ohio's Supreme Court. Due process does not require appointment of counsel beyond the state's intermediate appellate court, so lack of counsel or failure of counsel to timely appeal to a state supreme court does not constitute "cause." See *Ross v. Moffitt*, 417 U.S.600, 610, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341 (1974); *Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982); *Pennsylvania v. Finley*, 481 U. S. 551, 555, 107 S.Ct.1990, 1993, 95 LE.d2d 539 (1987). The second is the fact that Womack is a low-functioning individual. The state appellate court decision mentions that Womack had an estimated I.Q. score of 69 and that the psychologist report showed that he had an intellectual age and range of a 10 to 12-year old. *Womack*, 2005 WL 1283687 at ¶¶10, 16. The state appellate court was addressing the issue of Womack's competency to stand trial, but this concern leads to the question whether a low-functioning *pro se* individual could be excused from a state rule's timeliness requirements.

The undersigned finds the following passage from the Seventh Circuit's decision in *Harris v. McAdory* instructive:

> We have never considered whether mental illness can constitute cause for default. However, *Cawley v. DeTella*, 71 F.3d 691 (7th Cir.1995), is instructive on this question. In *Cawley*, we held that the petitioner's depression did not constitute cause because it failed "to qualify as an external impediment." *Id*. at 696. We are also guided by other circuits that have considered the issue. In *Hull v. Freeman*, 991 F.2d 86 (3d Cir.1993), the Third Circuit determined that petitioner's borderline mental retardation did not establish cause because it was not "external" to his defense within the meaning of *Murray v. Carrier*. Id. at 91. The Ninth Circuit, in *Tacho v.*

3:06 CV 0157                                                   5

> *Martinez*, 862 F.2d 1376, 1381 (9th Cir.1988), held that petitioner's diagnosis as a "borderline mental defective" was insufficient to establish cause. See also *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir.1992) (finding petitioner's below-average intelligence insufficient to establish cause). Furthermore, it is well established in this Circuit that circumstances such as youth, lack of education, and illiteracy are not external impediments within the context of excusing procedural default. See, e.g., *Dellinger v. Bowen*, 301 F.3d 758, 763 (7th Cir.2002) (petitioner's youth and lack of education did not constitute cause); *Henderson v. Cohn*, 919 F.2d 1270, 1272-73 (7th Cir.1990) (petitioner's illiteracy and limited education insufficient to establish cause).
>
> We find the reasoning in these cases persuasive. These cases highlight the emphasis placed on the "external" nature of the impediment. Something that comes from a source within the petitioner is unlikely to qualify as an external impediment. The examples given by the Court in *Murray* as to what constitutes an external impediment exemplify this point. Harris' low IQ and limited reading ability are not factors which are "external" to his defense.

*Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003).

The foregoing reasoning is uncontroverted and further the Sixth Circuit in an unpublished decision, *Johnson v. Wilson*, stated that these principles from *Murray v. Carrier* were echoed in *Bonilla,* and adopted the position that the petitioner's borderline mental retardation did not establish cause. *Id.*, 187 Fed. Appx. 455, 458 (6th Cir. June 16, 2006). There is reason to pause, though, due to some concern over those cases identified in *Harris* and the unpublished Sixth Circuit decision in *Johnson* involved individuals claiming borderline intellectual functioning instead of actual mental retardation. Mild mental retardation is defined as existing in the I.Q. levels of 50 to 55 to approximately 70. See *American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders*, 4th Edition, text revision, p. 42 (2000). Womack exhibited an I.Q. of 69, and consequently, would be deemed to be mildly mentally retarded. Nonetheless, under the rationale

3:06 CV 0157                                             6

that mental deficiency is not an "external impediment" to the defense, Womack's mental retardation cannot serve as "cause" to excuse the procedural default.

This leaves the issue whether Womack may show a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent to escape the procedural bar to federal review.  See *Dretke v. Haley*, 541 U.S. 386, 393, 124 S.Ct. 1847, 1852, 158 L.Ed. 2d 659 ( (2004); *Murray*, 477 U.S. at 495-96.; *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851,867, 130 L.Ed.2d 808 (1995). "In *Schlup*, the [ Supreme] Court adopted a specific rule to implement this general principle. It held that prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence,'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell,* -U.S.-*,*  126 S.Ct. 2064, 2076 -2077, 165 L.Ed.2d 1 (2006).  This requires support from, "allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial." *Schlup*, 513 U.S. at 324; *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 427 (6th Cir. 2003). "A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer v. Whitley*, 505 U.S. 333, 340, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992).

Womack argued in his first ground that he had ineffective assistance of counsel due to counsel's failure to adequately investigate his mental incompetence to stand trial.  Womack's second ground was ineffective assistance of counsel due to the failure to develop an insanity defense.  The state appellate court thoroughly addressed these issues pointing out that defense counsel had in fact

3:06 CV 0157 7

referred Womack for a psychological evaluation. *Womack*, 2005 WL 1283687 at ¶10. Womack's grievance appeared to be that defense counsel did not obtain a second examination which the court reasoned there was no indication that a second examination would reveal a different conclusion. *Id.* at ¶21. With respect to the insanity plea, the state appellate court found the trial counsel had not been ineffective because the psychological report stated that Womack knew right from wrong and further there was nothing in the clinical presentation indicating thought content or stream of thought which would indicate he was suffering from an emotional disturbance of psychotic proportions. *Id.* ¶28.

Insanity may constitute "actual innocence" at least in the Seventh Circuit which recognizes the affirmative defense of insanity is a basis for actual innocence. See *Britz v. Cohan*, 192 F.3d 1101, 1103 (7th Cir. 1999). Womack fails, though, to demonstrate that he has *new* evidence of insanity which had not been reviewed by the state courts. He must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence -- that was not presented at trial." *House v. Bell*, - U.S. - 126 S.Ct. 2064-, 2077, 165 L.Ed.2d 1 (2006); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007). As a result the procedural default bars federal collateral review.

The final and somewhat desperate argument is the possibility that Ohio accepts mental impairment as an exception to its timeliness requirements, or at least provides inconsistent treatment to nullify that there is a rule. In other words is there a chink in the armor of the adequacy and independence of the state procedural rule which overcome the procedural bar. The answer is no.

3:06 CV 0157                                                8

In *State v. Williams*, although addressing untimeliness in regards to an Ohio R. App. P. 26(B) motion to reopen appeal, the decision laid out a general rule which would explain the Ohio Supreme Court's decision not to allow delayed appeal:

> It is well established that a lack of legal knowledge, lack of counsel and lack of transcripts as well as other records do not constitute good cause. *State v. Hughes*, Cuyahoga App. No. 81768, 2003-Ohio-2307, reopening disallowed, 2004-Ohio-5480, Motion No. 357347, at ¶ 5-7, quoting *State v. Sanchez* (June 9, 1994), Cuyahoga App. No. 62797, reopening disallowed, 2002-Ohio-2011, Motion No. 36733, at ¶ 4-5. This court has also held that an applicant's assertion "that he did not know of the remedy, that his lawyers never told him about it, and that his impaired mental abilities prevented him from learning and using the remedy" did not establish good cause for the untimely filing of an application for reopening. *State v. Haliym f.k.a. Frazier* (Jan. 11, 1990), Cuyahoga App. No. 54771, reopening disallowed (Aug. 27, 2001), Motion No. 20175, at 4, affirmed on other grounds *State v. Haliym*, 96 Ohio St.3d 189, 2002-Ohio-4011, 772 N.E.2d 1182. Williams's arguments do not establish good cause for the delay. His failure to demonstrate good cause is a sufficient basis for denying the application for reopening.

*Williams*, 2005 WL 1177879, 2005 - Ohio - 2439 (Ohio App. 8 Dist.) at ¶4. Judge Boggs in his dissenting decision in *Lopez v. Wilson* also noted that "the Ohio courts have adopted an extremely stringent standard for meeting 'good cause,'" referring to the decision in *State v. Williams*. The undersigned notes that the state rule at issue states there must be "adequate reasons for the delay," as opposed to "good cause" See Ohio S.Ct. Prac. R. II §2(4)(a). The Ohio Supreme Court has not provided examples of what would constitute "adequate reasons for the delay." See *State v. Murnahan*, 63 Ohio St.3d 60, 66 n. 8, 584 N.E.2d 1204 (1992); *State v. Gover*, 71 Ohio St.3d 577, 581, 645 N.E.2d 1246 (1995). However, there is no reason to suspect that "adequate reasons" and "good cause" produce distinguishable results. This is bolstered by the holding in the fairly recent decision in *State v. Gumm*, where a mentally retarded individual convicted of aggravated murder

3:06 CV 0157                                             9

was not granted leave to file an untimely post-conviction claim under Ohio Revised Code §2953.21 to challenge the voluntary nature of the confession and trial counsel's effectiveness.  *Id.*, 169 Ohio App.3d 650, 659-660, 864 N.E.2d 133 (2006).  Accordingly, there is no basis to challenge the adequacy and independence of the state procedural rule with inconsistent rulings.

### *CONCLUSION AND RECOMMENDATION*

For the foregoing reasons dismissal of this non-capital matter is recommended because federal collateral review is barred due to petitioner's failure to fairly present his claims to the state's highest court coupled with failure to demonstrate "cause" to excuse the procedural default or alternatively failure to demonstrate a miscarriage of justice. Consequently, Womack cannot establish a decision of the state court which was either contrary to nor an unreasonable application of clearly established federal law nor an unreasonable application of the facts for purposes of 28 U.S.C. §2254(d)(1) and (2).  Further, Womack has not demonstrated a need for evidentiary hearing.

                                             s/James S. Gallas
                                        United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: December 3, 2007