UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LEON WOMACK,** ) | **Case No. 3:06 CV 157** |
| ) | |
| Plaintiff, ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **KHELLEH KONTEH,** ) | |
| ) | |
| Defendant. ) | |

     Before the Court is the Report and Recommendation of Magistrate Judge James S. Gallas, issued on December 3, 2007 ("R & R") (**ECF No. 12**). The Magistrate Judge recommends that the Court dismiss the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Leon Womack (**ECF No. 1**).

     Womack, who was sentenced to fifteen years to life imprisonment after pleading guilty to murder in violation of Ohio Revised Code § 2903.02(A), argues that his conviction violates the United States Constitution on two grounds. First, he claims that his counsel was constitutionally ineffective for failing to adequately investigate his competence to stand trial. Second, he claims that his counsel was constitutionally ineffective for failing to develop an insanity defense.

The record shows that Womack's counsel did investigate Womack's competence. He requested referral to the Court Diagnostic and Treatment Center for an evaluation of Womack's competence to stand trial. After administering various diagnostic tests, the psychologist concluded that Womack's intellectual age was within the range of 10 to 12 years old, but that he was nonetheless competent to stand trial. At the mitigation hearing prior to Womack's sentencing, the psychologist testified that Womack knew right from wrong, and that there was nothing in his clinical presentation that would indicate he was suffering from an emotional disturbance of psychotic proportions. In the Petition and Traverse, Womack argued that, since he has an I.Q. of 69 and his only defense was insanity, his counsel had an obligation to request an additional, independent evaluation of his competence and sanity at the time he committed the murder.

The Magistrate Judge, after reviewing the briefs, has recommended that the Court dismiss the Petition because Womack procedurally defaulted these claims by failing to file a timely direct appeal of the affirmance of his conviction to the Ohio Supreme Court. Moreover, Womack failed to show cause to excuse the procedural default or a fundamental miscarriage of justice.

Under the relevant statute:

> Within <u>ten days</u> after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (1988) (emphasis added). It is now January 10, 2008. More than five

weeks have elapsed since the R & R was issued, and neither an objection nor a request for an extension to file objections has been filed.

The failure to timely file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed the Magistrate Judge's comprehensive, well-written Report and Recommendation (**ECF No. 12**) and hereby **ADOPTS** it.  Accordingly, the petition for writ of habeas corpus (**ECF No. 1**) is **DISMISSED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster     January 10, 2008*
**Dan Aaron Polster**
**United States District Judge**